IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADRIAN ESPINOZA-CARMONA,

        Petitioner,

v.                                                   CIV 02-1249 WJ/KBM

GARLAND JEFFERS, Warden,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        Petitioner Adrian Espinoza-Carmona has a long history of chronic illegal entries into the United States, deportations from the United States, convictions for various state crimes (including felonies, principally controlled substances violations), service of prison sentences in state prisons, and a 2001 federal conviction for illegal reentry. *See Doc. 9,* Exh. 1. He brings this action for a writ of habeas corpus under 28 U.S.C. § 2241 where he raises rather vague arguments in one claim. *See Doc. 1.* The matter is ripe for disposition, given that Petitioner is subject to reinstatement of his last removal order.

        I agree with Respondent's liberal characterization of Petitioner's claims and its alternative reasons why they are without merit. However, I take no position on Respondent's Rule 12(b)(6) and jurisdictional arguments in light of the Supreme Court's decisions in *Immigration & Naturalization Serv. v. St. Cyr,* 533 U.S. 289 (2001) and *Calcano-Martinez v. Immigration & Naturalization Serv.,* 533 U.S. 348 (2001). I incorporate Respondent's reasoning on the merits here and will not repeat the substance except to add one observation.

As I understand it, Petitioner argues that he has received suspended sentences for his felonies, but only winds up in prison because he violates his terms of parole or probation. *See Doc. 9,* Exh. 1. He contends that his "offenses," therefore, "have not been for aggravated felonies, since all of his convictions to state prisons have been for violation of probation and not for the actual offense." *See Doc. 1,* attachment pages 1 and 2. This argument is unavailing, however. The impositions of conditional suspended sentences ignores the fact that Espinosa-Carmona indeed was **convicted** of the qualifying felony. *See* 8 U.S.C. § 1227(a)(2)(iii) ("Any alien who is **convicted** of an aggravated felony at any time after admission is deportable) (emphasis added); *c.f., United States v. Jimenez,* 258 F.3d 1120, 1125-26 (9th Cir. 2001) ("Jimenez contends 'that the only sentence that matters for the purpose of evaluating the conviction for aggravated felony purposes is the one originally imposed by the court.' . . . The fact that this term of imprisonment was not imposed until after he violated his probation is not legally significant."), *cert. denied,* 534 U.S. 1151 (2002).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2241 petition be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE